# EXHIBIT A

**ROACH LAW, LLC**
By: Marirose Roach, Esq.
Attorney Id No.: 205225
6950 Castor Avenue
Philadelphia, PA 19149
(o) 267.343.5818
(f) 215.405.3765

Attorney for Plaintiff
Nikiya Newton

Filed and Attested by the
Office of Judicial Records
29 JAN 2026 12:17 pm
G. IMPERATO

| | |
|---|---|
| Nikiya Newton<br>1317 West Nedro Avenue<br>Philadelphia, PA 19141<br>Plaintiff,<br>V.<br><br>The Home Depot, Inc.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br>and<br>Brixmor Residual Dickson City Crossings, LLC<br>200 Ridge Pike, Suite 100,<br>Conshohocken, PA 19428<br>And<br>John Doe(s)<br>800 Commerce Blvd.,<br>Dickson City, PA 18519<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br><br>No. ______________<br><br><br>JURY TRIAL |

CIVIL ACTION - COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may be entered against you by the court without further notice for any money claims in this complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107-2911
(215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrtia sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisions de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107-2911
(215) 238-6333

**ROACH LAW, LLC**
By: Marirose Roach, Esq.
Attorney Id No.: 205225
6950 Castor Avenue
Philadelphia, PA 19149
(o) 267.343.5818
(f) 215.405.3765

Attorney for Plaintiff
Nikiya Newton

| | |
|---|---|
| Nikiya Newton<br>1317 West Nedro Avenue<br>Philadelphia, PA 19141<br>Plaintiff, | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY |
| V. | |
| The Home Depot, Inc.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339 | : No. ________________ |
| | : JURY TRIAL |
| And | |
| Brixmor Residual Dickson City Crossings, LLC<br>200 Ridge Pike, Suite 100,<br>Conshohocken, PA 19428 | |
| And | |
| John Doe(s)<br>800 Commerce Blvd., Dickson City, PA 18519<br>Defendants | |

## CIVIL ACTION

1. Plaintiff, Nikiya Newton, is an adult individual, residing at 1317 West Nedro Avenue, Philadelphia, PA 19141.
2. Defendant, The Home Depot, Inc (hereinafter "Home Depot"), is, on information and belief, a Corporate entity incorporated under the laws of Delaware, headquartered at 2455 Paces Ferry Road, Atlanta, GA 30339.
3. Defendant Home Depot is, on information and belief, registered as a large item

home products retailer that transacts business under the laws of the Commonwealth of Pennsylvania with a place of business located at 800 Commerce Blvd., Dickson City, PA 18519.

4. Defendant, Brixmor Residual Dickson City Crossings, LLC (hereinafter "Brixmor"), is, on information and belief, a Corporate entity with a mailing address located at 200 Ridge Pike, Suite 100, Conshohocken, PA 19428.

5. Defendant(s), John Doe(s), are an adult individual managing Home Depot located at 800 Commerce Blvd., Dickson City, PA 18519.

6. On February 1, 2024, the plaintiff was a patron at Home Depot at 800 Commerce Blvd., Dickson City, PA 18519.

7. At the aforesaid time and place, plaintiff was within the defendants' parking lot within the confines of the same business address. During this time, plaintiff severely injured herself due to a defective concrete wheel stop or parking curb about the parking lot premises; the particular wheel stop subject to this action, was damaged in that a large sharp iron rebar protruded from the concrete wheel stop which caused her to trip and fall backwards and crash her rear end, tailbone, back, hip, and pelvis onto the ground as a result of an unsafe concrete wheel stop about parking lot.

8. Upon information and belief, at all times material hereto, Defendants were responsible for maintaining, inspecting, clearing the premises of any and all unsafe conditions, including the parking concrete wheel stops or parking curbs.

9. At the aforesaid time and place, there existed a dangerous condition of the property as a result of large, sharp iron rebar that protruded from the concrete

wheel stop about the parking lot, rendering the premises unreasonably dangerous for pedestrian travel.

10. The aforesaid defective condition created a reasonably foreseeable risk that a pedestrian while walking, standing, parking, or in any way traversing would be caused to trip and fall and sustain injury and defendants herein had actual notice or could reasonably have been charged with notice under the circumstances of the likelihood of a dangerous condition existing at the time of the accident with such notice available to defendants at a time sufficiently prior to the accident to have taken measures to protect against the condition.

11. At all times material hereto, Defendants, their agents, servants and/or employees, were contractually obligated to repair, restore, renovate or otherwise prevent a dangerous large sharp iron rebar protrusion from the concrete wheel stop or similar condition to remain, which was likely to cause injury to pedestrians lawfully on said premises.

12. At all times material hereto, plaintiff walked, stepped or traveled upon the parking lot premises in a careful and prudent manner and was in no manner whatsoever responsible for her accident, injuries or damages.

13. At all times material hereto, plaintiff was a business invitee entitled to the highest degree of protection under the law.

14. As a result of the aforesaid accident, plaintiff has suffered serious, painful and permanent injuries, which include but are not limited to pain and injury to her rear end, tailbone, back, hip, and pelvis, all to be set forth as discovery proceeds.

15. As a result of the aforesaid accident, plaintiff has suffered pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future, to her great detriment and loss.

16. As a result of the aforesaid accident, plaintiff has suffered a loss of earnings and impairment of earning capacity, to her great detriment and loss.

17. As a further result of the aforesaid accident, plaintiff has sought medical treatment in an effort to cure herself of her injuries and has incurred medical expense, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future, to her great detriment and loss.

**COUNT I**
**PLAINTIFF v. THE HOME DEPOT, INC.**

18. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 17 as though the same were set forth at length herein.

19. The aforesaid accident and resulting injuries and damages sustained by plaintiff was caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of the defendant herein, its agents servants, and/or employees, which consisted of the following:

    a. failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises which constituted a slipping and tripping hazard for persons lawfully upon said premises, including business invitees;

    b. failing to warn of the dangerous and damaged parking lot area consisting of a large sharp iron rebar that protruded from the concrete wheel stop;

c. failing to take all measures necessary under the circumstances to protect pedestrians/business invitees lawfully upon said premises from a foreseeable risk of injury;

d. failing to properly and adequately repair or restore the area and/or object involved herein of damaged concrete wheel stop and/or make the necessary notice or adjustment so as to make it safe for pedestrians/business invitees walking upon same;

e. failing to exercise reasonable care to discover the dangerous condition of the damaged large sharp iron rebar protruding from the concrete wheel stop and/or damage to the parking lot in the area involved herein;

f. failing to repair, restore, renovate or otherwise prevent a dangerous and damaged wheel stop located in the area where plaintiff tripped and fell;

g. such other negligence and liability producing conduct arising from the circumstances herein, i.e., failing to inspect, discover and remedy the dangerous condition existing in the area.

20. Accordingly, the defendant herein is liable to the plaintiff in an amount in excess of Fifty Thousand ($50,000.00) to be determined at the time of trial.

**WHEREFORE**, plaintiff herein hereby demands judgment in her favor and against defendant herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with all costs, interest and damages legally appropriate.

**COUNT II**
**PLAINTIFF v. BRIXMOR RESIDUAL DICKSON CITY CROSSINGS, LLC**

21. Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 20 as though the same were set forth at length herein.

22. The aforesaid accident and resulting injuries and damages sustained by plaintiff was caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of the defendant herein, its agents servants, and/or employees, which consisted of the following:

a. failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises which constituted a slipping and tripping hazard for persons lawfully upon said premises, including business invitees;

b. failing to warn of the dangerous and damaged parking lot area consisting of a large sharp iron rebar that protruded from the concrete wheel stop;

c. failing to take all measures necessary under the circumstances to protect pedestrians/business invitees lawfully upon said premises from a foreseeable risk of injury;

d. failing to properly and adequately repair or restore the area and/or object involved herein of damaged concrete wheel stop and/or make the necessary notice or adjustment so as to make it safe for pedestrians/business invitees walking upon same;

e. failing to exercise reasonable care to discover the dangerous condition of the damaged large sharp iron rebar protruding from the concrete wheel stop and/or damage to the parking lot in the area involved herein;

f. failing to repair, restore, renovate or otherwise prevent a dangerous and damaged wheel stop located in the area where plaintiff tripped and fell;

g. such other negligence and liability producing conduct arising from the circumstances herein, i.e., failing to inspect, discover and remedy the dangerous condition existing in the area.

23. Accordingly, the defendant herein is liable to the plaintiff in an amount in excess of Fifty Thousand ($50,000.00) to be determined at the time of trial.

**WHEREFORE**, plaintiff herein hereby demands judgment in her favor and against defendant herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with all costs, interest and damages legally appropriate.

**COUNT III**
**PLAINTIFF v. JOHN DOE(s)**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as though the same were set forth at length herein.

25. The aforesaid accident and resulting injuries and damages sustained by the Plaintiff was caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of the defendant herein, its agents servants, and/or employees, which consisted of the following:

a. failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises which constituted a slipping and tripping hazard for persons lawfully upon said premises, including business invitees;

b. failing to warn of the dangerous and damaged parking lot area consisting of a large sharp iron rebar that protruded from the concrete wheel stop;

c. failing to take all measures necessary under the circumstances to protect pedestrians/business invitees lawfully upon said premises from a

foreseeable risk of injury;

d. failing to properly and adequately repair or restore the area and/or object involved herein of damaged concrete wheel stop and/or make the necessary notice or adjustment so as to make it safe for pedestrians/business invitees walking upon same;

e. failing to exercise reasonable care to discover the dangerous condition of the damaged large sharp iron rebar protruding from the concrete wheel stop and/or damage to the parking lot in the area involved herein;

f. failing to repair, restore, renovate or otherwise prevent a dangerous and damaged wheel stop located in the area where plaintiff tripped and fell;

g. such other negligence and liability producing conduct arising from the circumstances herein, i.e., failing to inspect, discover and remedy the dangerous condition existing in the area.

26. Accordingly, the defendant herein is liable to the plaintiff in an amount in excess of Fifty Thousand ($50,000.00) to be determined at the time of trial.

**WHEREFORE**, Plaintiff, herein hereby demands judgment in her favor and against defendant herein, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with all costs, interest, and damages legally appropriate.

Respectfully submitted,
**ROACH LAW, LLC**

By: ______________________
Marirose Roach, Esq.
Attorney for Plaintiff

Date: January 22, 2026

**VERIFICATION**

I, Nikiya Newton, do hereby verify that I am the Plaintiff in the above-captioned Civil Action Complaint and that the facts set forth in the foregoing are true and correct to the best of my knowledge, information, and belief. I make these statements subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 01 / 28 / 2026

Nikiya Newton, Plaintiff

Dropbox Sign

Audit trail

| | |
|---|---|
| Title | Trip & Fall Newton.pdf |
| File name | Trip%20%26%20Fall%20Newton.pdf |
| Document ID | 019f01468edc6313129ee9b6c5e9d54b0c82530a |
| Audit trail date format | MM / DD / YYYY |
| Status | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **01 / 28 / 2026**<br>15:45:55 UTC-5 | Sent for signature to Nikiya Newton (nikiyanewton@gmail.com) by services@clio.com acting on behalf of intern@roachjustice.com<br>IP: 73.165.172.36 |
| VIEWED | **01 / 28 / 2026**<br>15:58:55 UTC-5 | Viewed by Nikiya Newton (nikiyanewton@gmail.com)<br>IP: 73.101.195.217 |
| SIGNED | **01 / 28 / 2026**<br>16:32:16 UTC-5 | Signed by Nikiya Newton (nikiyanewton@gmail.com)<br>IP: 73.101.195.217 |
| COMPLETED | **01 / 28 / 2026**<br>16:32:16 UTC-5 | The document has been completed. |